The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion on four questions regarding Boone County's responsibility to provide rebates in connection with the collection of a county sales and use tax. Your request indicates that, pursuant to Act 26 of the First Extraordinary Session of 1981, Boone County passed an ordinance, No. 89-23, levying a one percent sales and use tax, and that the ordinance established a rebate system for taxes collected over the maximum amount allowed by law. It further indicates that, relying on Act 802 of 1983, the county deleted the rebate system a few months later via Ordinance No. 89-27. It is also my understanding that a recent ordinance, No. 94-4, restored the procedure for obtaining rebates. Your questions, which are based upon these facts, will be restated and addressed in the order posed:
Your first question is:
 (1) Who is responsible for the rebate of taxes paid over $25.00 on a single transaction?
In my opinion, Boone County is responsible for the rebate of taxes paid in excess of that authorized by law. Act 26 of the First Extraordinary Session of 1981 is codified at A.C.A. §§26-74-201 through -219, and at § 26-74-221 (1987 and Cum. Supp. 1993). In 1989, when Boone County passed Ordinance No. 89-23, §26-74-213(a) provided:
 A county shall provide in its ordinance authorized by this subchapter a rebate from the county for taxes collected pursuant to this subchapter in excess of twenty-five dollars ($25.00) paid to the county on a single transaction.
Although this provision was amended in 1993 to provide a rebate only for taxes collected in excess of the tax on the first $2,500 of gross receipts from a single transaction, it still clearly places the responsibility for providing rebates upon the county.See Act 669 of 1993.
Your second question is:
 (2) Does Act 802 of 1983 delete the requirement for a rebate system as set forth in Act 26 of the First Extraordinary Session of 1981?
Act 802 of 1983 is codified at A.C.A. § 26-74-220 (1987 and Cum. Supp. 1993). It limits the amount of tax that may be collected and places responsibility upon the vendor to collect and remit to the county the proper amount. It does not, in my opinion, affect the county's responsibility under § 26-74-213 to provide rebates to those individuals from whom too much money is collected.
Your third question is:
 (3) If the rebate system is required, did not Boone County, in effect, make their sales tax ordinance, No. 89-23, invalid as a result of the passage of Ordinance No. 89-27?
While the failure of Boone County's Ordinance No. 89-23, as amended by Ordinance No. 89-27, to provide for rebates as required by law renders the ordinance invalid in that respect, it does not, in my opinion, render the entire ordinance invalid. It does mean, however, that some individuals may not have received a rebate that they were entitled to by law. Although Ordinance No. 94-4 appears to have rectified this problem retroactive to January 1, 1993, there was no rebate system in place from December 12, 1989, when Ordinance No. 89-27 was passed, to January 1, 1993.
Your fourth question is:
 (4) If Ordinance 89-23 is invalid, has Boone County been unlawfully collecting a sales tax since the passage of Ordinance 89-27?
As I concluded in response to your third question that Ordinance 89-23 was not rendered wholly invalid by its failure to provide a rebate system, it appears this question is moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh